THE MAYOR AND COMMON COUNCIL OF NEWARK

*v.*

NATIONAL SILK DYEING COMPANY et al.

[Decided August 21st, 1914.]

An injunction could not be granted to enjoin separate suits at law, brought by mill owners, whose factories adjoin the Passaic river, for damages for the wrongful abstraction of water from the river by a water company, which suits had no connection with each other, since to do so would violate a fundamental equity rule that distinct and independent causes of action may not be united in one bill.

---

*Mr. Herbert Boggs,* for the complainant.

*Mr. William I. Lewis,* for the National Silk Dyeing Company and others.

*Mr. Gilbert Collins,* for the East Jersey Water Company.

STEVENS, V. C.

This is an application to enjoin twelve suits at law, brought by mill owners whose factories adjoin the Passaic river, for damages for the wrongful abstraction of water by Newark, Jersey City and the East Jersey Water Company.

The application must be denied, for the reasons given by me in the case of *Newark* v. *Chestnut Hill Land Co.,* 77 *N. J. Eq. 24.*

It is said that the case in hand is distinguishable from the case cited, in that there it did not appear that a multiplicity of suits would be prevented by the mere transfer of jurisdiction, while here it does, for the object is to consolidate twelve suits into one. But if this court sustained the contention, it would violate one of the fundamental rules of equity pleading, viz., that distinct and independent causes of action must not be united in one bill. The suits by the National Silk Dyeing Company against Newark have no connection with those against Jersey City or the East Jersey Water Company. The suits by the different companies against those corporations have no connection with each other. *Simmons* v. *Paterson, 60 N. J. Eq. 385,* was quite different. There several complainants suffering from a common nuisance to riparian lands joined in one bill. The effect of this nuisance was the subject dealt with by the court of errors and appeals. Here it would seem that the injury, or principal injury, complained of, is the injury to the various and distinct businesses of the plaintiffs. There, the complainants were were affected by the same act. Here the plaintiffs are affected by the perfectly distinct acts of Newark, Jersey City and the water company.

It is true that the aggregate damage resulting from the separate acts of the three wrong-doers may be variously estimated by different juries, if the cases be tried separately, but the possibility of different findings on the same state of facts is not a ground of equity jurisdiction. Besides there is nothing to indicate that if the verdicts should be the result of differing or conflicting estimates of total damage, Newark would be the one to

suffer    If consolidation of the suits for the purpose of trial be, to a greater or lesser extent, desirable, I know of no reason why the supreme court should not be asked to consolidate.

I cannot, moreover, overlook the fact that the supreme court in the suits brought by the Weidman Dyeing Company has formulated a rule which it has applied to this very class of cases, thus declaring that it deems itself competent properly to deal with them.